# Exhibit A

## Colorado Senate Bill 25-003

## "Act Concerning the Prohibition of Certain Semiautomatic Firearms and Rapid-Fire Devices"

NOTE: **This bill has been prepared for the signatures of the appropriate legislative officers and the Governor. To determine whether the Governor has signed the bill or taken other action on it, please consult the legislative status sheet, the legislative history, or the Session Laws.**



SENATE BILL 25-003

BY SENATOR(S) Sullivan and Gonzales J., Amabile, Bridges, Cutter, Danielson, Daugherty, Kipp, Kolker, Marchman, Michaelson Jenet, Rodriguez, Weissman, Winter F., Jodeh, Wallace, Coleman;
also REPRESENTATIVE(S) Boesenecker and Froelich, Duran, Brown, Camacho, Clifford, Garcia, Gilchrist, Hamrick, Lindstedt, McCormick, Woodrow, Stewart R., Story, Titone, Bacon, Carter, Joseph, Mabrey, Sirota, Smith, Velasco, Willford, Zokaie, Espenoza, Jackson, Lindsay, Rutinel.

CONCERNING PROHIBITED ACTIVITY INVOLVING SEMIAUTOMATIC FIREARMS, AND, IN CONNECTION THEREWITH, PROHIBITING THE MANUFACTURE, DISTRIBUTION, TRANSFER, SALE, AND PURCHASE OF SPECIFIED SEMIAUTOMATIC FIREARMS, CLASSIFYING A DEVICE THAT INCREASES THE RATE OF FIRE OF A SEMIAUTOMATIC FIREARM AS A DANGEROUS WEAPON, AND MAKING AN APPROPRIATION.

*Be it enacted by the General Assembly of the State of Colorado:*

**SECTION 1.** In Colorado Revised Statutes, 18-12-101, **repeal** (1)(g.2); and **add** (1)(g.7) and (1)(g.8) as follows:

**18-12-101. Peace officer affirmative defense - definitions.** (1) As used in this article 12, unless the context otherwise requires:

_____
*Capital letters or bold & italic numbers indicate new material added to existing law; dashes through words or numbers indicate deletions from existing law and such material is not part of the act.*

(g.2) "Machine gun conversion device" means any part designed or intended, or combination of parts designed or intended, for use in converting a firearm into a machine gun.

(g.7) "RAPID-FIRE DEVICE" MEANS ANY DEVICE, PART, KIT, TOOL, ACCESSORY, OR COMBINATION OF PARTS THAT HAS THE EFFECT OF INCREASING THE RATE OF FIRE OF A SEMIAUTOMATIC FIREARM ABOVE THE STANDARD RATE OF FIRE FOR THE SEMIAUTOMATIC FIREARM THAT IS NOT OTHERWISE EQUIPPED WITH THAT DEVICE, PART, OR COMBINATION OF PARTS.

(g.8) "SEMIAUTOMATIC FIREARM" MEANS A FIREARM THAT IS NOT A MACHINE GUN AND THAT, UPON INITIATING THE FIRING SEQUENCE, FIRES THE FIRST CHAMBERED CARTRIDGE AND USES A PORTION OF THE ENERGY OF THE FIRING CARTRIDGE TO EXTRACT THE EXPENDED CARTRIDGE CASE, CHAMBER THE NEXT ROUND, AND PREPARE THE FIRING MECHANISM TO FIRE AGAIN, AND REQUIRES A SEPARATE PULL, RELEASE, PUSH, OR INITIATION OF THE TRIGGER TO FIRE EACH CARTRIDGE. "SEMIAUTOMATIC FIREARM" INCLUDES A SEMIAUTOMATIC RIFLE, SEMIAUTOMATIC SHOTGUN, OR SEMIAUTOMATIC HANDGUN.

**SECTION 2.** In Colorado Revised Statutes, **add** 18-12-116 as follows:

**18-12-116. Enforcement of large-capacity magazine ban by regulating the manufacture, distribution, transfer, sale, and purchase of specified semiautomatic firearms - penalties - definitions.** (1) AS USED IN THIS SECTION, UNLESS THE CONTEXT OTHERWISE REQUIRES:

(a) "CYCLE THE ACTION" MEANS TO EXTRACT THE FIRED CARTRIDGE CASE, CHAMBER THE NEXT CARTRIDGE, AND PREPARE THE FIRING MECHANISM TO FIRE AGAIN.

(b) "DETACHABLE MAGAZINE" MEANS AN AMMUNITION FEEDING DEVICE THAT IS NOT PERMANENTLY ATTACHED TO A FIREARM AND MAY BE REMOVED FROM THE FIREARM WITHOUT RENDERING THE FIREARM INCAPABLE OF ACCEPTING ANY MAGAZINE. "DETACHABLE MAGAZINE" DOES NOT INCLUDE AN ATTACHED TUBULAR MAGAZINE LOCATED UNDER THE BARREL OF A FIREARM.

PAGE 2-SENATE BILL 25-003

(c)     "GAS-OPERATED SEMIAUTOMATIC HANDGUN" MEANS ANY SEMIAUTOMATIC HANDGUN THAT HARNESSES OR TRAPS A PORTION OF THE HIGH-PRESSURE GAS FROM A FIRED CARTRIDGE TO CYCLE THE ACTION USING ANY OF THE FOLLOWING:

(I)  A LONG-STROKE PISTON SYSTEM IN WHICH GAS IS VENTED FROM THE BARREL TO A PISTON THAT IS MECHANICALLY FIXED TO THE BOLT GROUP AND MOVES TO CYCLE THE ACTION;

(II)  A SHORT-STROKE PISTON SYSTEM IN WHICH GAS IS VENTED FROM THE BARREL TO A PISTON THAT MOVES SEPARATELY FROM THE BOLT GROUP SO THAT THE ENERGY IS IMPARTED THROUGH A GAS PISTON TO CYCLE THE ACTION;

(III)  A SYSTEM THAT TRAPS AND VENTS GAS FROM EITHER THE BARREL OR THE CHAMBER TO DIRECTLY STRIKE OR IMPINGE THE BOLT, BOLT CARRIER, OR SLIDE ASSEMBLY, TO UNLOCK AND CYCLE THE ACTION;

(IV)  A HYBRID SYSTEM THAT COMBINES ELEMENTS OF A SYSTEM DESCRIBED IN SUBSECTION (1)(c)(I) OF THIS SECTION WITH A SYSTEM DESCRIBED IN SUBSECTION (1)(c)(II) OR (1)(c)(III) OF THIS SECTION TO CAPTURE GAS VENTED FROM THE BARREL TO CYCLE THE ACTION; OR

(V)  A BLOWBACK-OPERATED SYSTEM THAT DIRECTLY UTILIZES THE EXPANDING GASSES OF THE IGNITED PROPELLANT POWDER ACTING ON THE CARTRIDGE CASE TO DRIVE THE BREECHBLOCK OR BREECH BOLT REARWARD.

(d) (I)  "SPECIFIED SEMIAUTOMATIC FIREARM" MEANS ANY OF THE FOLLOWING, EXCEPT AS PROVIDED IN SUBSECTION (1)(d)(II) OF THIS SECTION:

(A)  A SEMIAUTOMATIC RIFLE OR SEMIAUTOMATIC SHOTGUN WITH A DETACHABLE MAGAZINE; OR

(B)  A GAS-OPERATED SEMIAUTOMATIC HANDGUN WITH A DETACHABLE MAGAZINE.

(II)  "SPECIFIED SEMIAUTOMATIC FIREARM" DOES NOT INCLUDE:

(A)  A FIREARM DESIGNED TO ACCEPT, AND CAPABLE OF OPERATING

PAGE 3-SENATE BILL 25-003

ONLY WITH, .22 OR LOWER CALIBER RIMFIRE AMMUNITION, UNLESS THE FIREARM HAS A SEPARATE UPPER AND LOWER RECEIVER;

(B)   A FIREARM THAT IS MANUALLY OPERATED BY BOLT, PUMP, LEVER, OR SLIDE ACTION;

(C)   A FIREARM THAT HAS A PERMANENTLY FIXED MAGAZINE THAT CANNOT ACCEPT MORE THAN FIFTEEN ROUNDS OF AMMUNITION, INCLUDING A SEMIAUTOMATIC FIREARM THAT HAS BEEN CONVERTED TO HAVE A PERMANENTLY FIXED MAGAZINE THAT CANNOT ACCEPT MORE THAN FIFTEEN ROUNDS OF AMMUNITION;

(D)   A SINGLE OR DOUBLE ACTION SEMIAUTOMATIC HANDGUN THAT USES RECOIL TO CYCLE THE ACTION OF THE HANDGUN;

(E)   THE FOLLOWING MODELS OF FIREARMS, AS THEY EXIST AND ARE CONFIGURED ON THE EFFECTIVE DATE OF THIS SECTION: AG42 LJUNGMAN; BENELLI ARGO E PRO; BENELLI R1 BIG-GAME RIFLE; BROWNING BAR MK 3; BROWNING BAR LONGTRAC RIFLE; BROWNING BAR SHORTTRAC RIFLE; FABRIQUE NATIONALE MODEL 49, COMMONLY KNOWN AS FN49; FUSIL AUTOMATIQUE MODELE 1917, ALSO KNOWN AS RSC M1917; GEWEHR 43; GLOBCO MOHAWK; HAKIM RIFLE; HK SL6; HK SL7; M1 CARBINE; M1941 JOHNSON RIFLE; MARLIN CAMP CARBINE; MAS49; REMINGTON MODEL 4; REMINGTON MODEL 8; REMINGTON MODEL 740; REMINGTON MODEL 742; REMINGTON MODEL 750; REMINGTON 7400; RUGER DEERFIELD CARBINE; RUGER MINI-14 RANCH RIFLE; RUGER MINI THIRTY RIFLE; RUGER MODEL 44; SPRINGFIELD ARMORY M1A STANDARD ISSUE RIFLE; SVT 40; VALMET HUNTER M88; VZ.52; WINCHESTER MODEL 100; WINCHESTER MODEL 1905; WINCHESTER MODEL 1907; AND WINCHESTER MODEL 1910;

(F)   A FIREARM THAT HAS BEEN MADE PERMANENTLY INOPERABLE; OR

(G)   AN ANTIQUE FIREARM, AS DEFINED IN 18 U.S.C. SEC. 921 (a)(16), OR A CURIO OR RELIC, AS DEFINED IN 27 CFR 478.11.

(2)   ON OR AFTER AUGUST 1, 2026, IT IS UNLAWFUL FOR ANY PERSON TO KNOWINGLY MANUFACTURE, DISTRIBUTE, TRANSFER, SELL, OR PURCHASE A SPECIFIED SEMIAUTOMATIC FIREARM; EXCEPT THAT A PERSON MAY SELL OR TRANSFER A SPECIFIED SEMIAUTOMATIC FIREARM TO AN INDIVIDUAL

PAGE 4-SENATE BILL 25-003

RESIDING IN ANOTHER STATE OR A FEDERALLY LICENSED FIREARM DEALER.

(3)  SUBSECTION (2) OF THIS SECTION DOES NOT APPLY TO:

(a)  THE MANUFACTURE FOR, TRANSFER OR SALE OF A SPECIFIED SEMIAUTOMATIC FIREARM TO, OR RECEIPT OR PURCHASE OF A SPECIFIED SEMIAUTOMATIC FIREARM BY:

(I)  A FEDERAL, STATE, LOCAL, OR TRIBAL LAW ENFORCEMENT AGENCY FOR THE PURPOSE OF EQUIPPING THE AGENCY'S PEACE OFFICERS;

(II)  A PEACE OFFICER, AS DESCRIBED IN SECTION 16-2.5-101, WHO IS CERTIFIED BY THE PEACE OFFICER STANDARDS AND TRAINING BOARD CREATED IN SECTION 24-31-302, IF THE AGENCY THAT EMPLOYS THE PEACE OFFICER REQUIRES OR PERMITS THE PEACE OFFICER TO CARRY A SPECIFIED SEMIAUTOMATIC FIREARM FOR USE IN THE PEACE OFFICER'S OFFICIAL CAPACITY;

(III)  THE DEPARTMENT OF CORRECTIONS, THE WARDEN OF A PRISON, THE SUPERINTENDENT OF A FACILITY IN WHICH A PERSON HAS BEEN PLACED BY TRANSFER FROM A CORRECTIONAL FACILITY PURSUANT TO SECTION 17-23-101, THE KEEPER OF A JAIL, OR THE HEAD OF ANY OTHER INSTITUTION FOR THE DETENTION OF PEOPLE ACCUSED OR CONVICTED OF AN OFFENSE, IN ORDER TO EQUIP STAFF FOR THE PERFORMANCE OF THEIR OFFICIAL DUTIES;

(IV)  AN ENTITY THAT OPERATES AN ARMORED VEHICLE BUSINESS FOR USE BY AN AUTHORIZED EMPLOYEE OF THE ENTITY WHILE IN THE COURSE AND SCOPE OF THE EMPLOYEE'S DUTIES; OR

(V)  AN INSTRUCTOR OF AN ACCREDITED GUNSMITHING COURSE IN A STATE-AUTHORIZED INSTITUTION OF HIGHER EDUCATION OR AN INSTITUTION REGULATED BY THE COLORADO DIVISION OF PRIVATE OCCUPATIONAL SCHOOLS FOR THE PURPOSES OF EDUCATIONAL INSTRUCTION OR MANUFACTURE, REPAIR, OR MAINTENANCE OF A SPECIFIED SEMIAUTOMATIC FIREARM DURING THE COURSE OF EDUCATIONAL INSTRUCTION;

(b)  THE MANUFACTURE FOR, TRANSFER OR SALE OF A SPECIFIED SEMIAUTOMATIC FIREARM TO, OR RECEIPT OR PURCHASE OF A SPECIFIED SEMIAUTOMATIC FIREARM FOR USE BY, MEMBERS OF THE ARMED SERVICES OR RESERVE FORCES OF THE UNITED STATES OR OF THE COLORADO

PAGE 5-SENATE BILL 25-003

NATIONAL GUARD, IN THE PERFORMANCE OF THEIR OFFICIAL DUTIES;

(c) THE TRANSFER OF A SPECIFIED SEMIAUTOMATIC FIREARM TO, AND RECEIPT OF A SPECIFIED SEMIAUTOMATIC FIREARM BY:

(I) A FEDERALLY LICENSED FIREARMS DEALER FOR TEMPORARY STORAGE OR PERMANENT DISPOSAL;

(II) A GUNSMITH FOR THE PURPOSES OF MAINTENANCE, REPAIR, OR MODIFICATION AND THE SUBSEQUENT RETURN OF THE SPECIFIED SEMIAUTOMATIC FIREARM TO THE LAWFUL OWNER, UNLESS THE GUNSMITH HAS REASON TO BELIEVE THAT THE LAWFUL OWNER IS PROHIBITED BY LAW FROM POSSESSING THE SPECIFIED SEMIAUTOMATIC FIREARM; OR

(III) A STUDENT OF AN ACCREDITED GUNSMITHING COURSE IN A STATE-AUTHORIZED INSTITUTION OF HIGHER EDUCATION OR AN INSTITUTION REGULATED BY THE COLORADO DIVISION OF PRIVATE OCCUPATIONAL SCHOOLS FOR THE PURPOSES OF EDUCATIONAL INSTRUCTION OR MANUFACTURE, REPAIR, OR MAINTENANCE OF A SPECIFIED SEMIAUTOMATIC FIREARM DURING THE COURSE OF THE STUDENT'S EDUCATIONAL INSTRUCTION;

(d) THE SALE OF A SPECIFIED SEMIAUTOMATIC FIREARM TO, AND PURCHASE OF A SPECIFIED SEMIAUTOMATIC FIREARM BY, AN INSTITUTION OF HIGHER EDUCATION THAT OPERATES, OR AN INSTRUCTOR OF, AN EDUCATIONAL PROGRAM APPROVED BY THE GOVERNING BOARD OF A PUBLIC INSTITUTION OF HIGHER EDUCATION OR THE COLORADO DIVISION OF PRIVATE OCCUPATIONAL SCHOOLS, FOR USE AND STORAGE AT THE LOCATION OF THE EDUCATIONAL PROGRAM;

(e) THE TRANSFER OR SALE OF A SPECIFIED SEMIAUTOMATIC FIREARM TO, AND RECEIPT OR PURCHASE OF A SPECIFIED SEMIAUTOMATIC FIREARM BY:

(I) A PERSON WHO:

(A) COMPLETED A HUNTER EDUCATION COURSE CERTIFIED BY THE DIVISION OF PARKS AND WILDLIFE, AS DESCRIBED IN SECTION 33-6-107 (8), AND, WITHIN FIVE YEARS BEFORE MAKING THE PURCHASE, COMPLETED A BASIC FIREARMS SAFETY COURSE DESCRIBED IN SUBSECTION (5) OF THIS

PAGE 6-SENATE BILL 25-003

SECTION;

(B) WITHIN FIVE YEARS BEFORE MAKING THE PURCHASE, COMPLETED AN EXTENDED FIREARMS SAFETY COURSE DESCRIBED IN SUBSECTION (5) OF THIS SECTION; OR

(C) COMPLETED AN EXTENDED FIREARMS SAFETY COURSE MORE THAN FIVE YEARS BEFORE MAKING THE PURCHASE AND COMPLETED A BASIC FIREARMS SAFETY COURSE WITHIN FIVE YEARS BEFORE MAKING THE PURCHASE;

(II) A FEDERAL, STATE, OR LOCAL HISTORICAL SOCIETY, MUSEUM, OR INSTITUTIONAL COLLECTION THAT IS OPEN TO THE PUBLIC, IF THE SPECIFIED SEMIAUTOMATIC FIREARM IS RENDERED PERMANENTLY INOPERABLE PRIOR TO THE SALE OR TRANSFER; AND

(III) A FORENSIC LABORATORY, OR ANY AUTHORIZED AGENT OR EMPLOYEE OF THE LABORATORY, FOR USE EXCLUSIVELY IN THE COURSE AND SCOPE OF FORENSIC ANALYSIS;

(f) A TRANSFER THAT OCCURS BY OPERATION OF LAW OR BECAUSE OF THE DEATH OF A PERSON FOR WHOM THE PROSPECTIVE TRANSFEROR IS AN EXECUTOR OR ADMINISTRATOR OF AN ESTATE OR A TRUSTEE OF A TRUST CREATED IN A WILL; AND

(g) THE MANUFACTURE, DISTRIBUTION, TRANSFER, SALE, OR RENTAL OF A SPECIFIED SEMIAUTOMATIC FIREARM CAPABLE OF ONLY FIRING BLANKS BY, OR RECEIPT OR PURCHASE OF A SPECIFIED SEMIAUTOMATIC FIREARM CAPABLE OF ONLY FIRING BLANKS FROM, A FEDERALLY LICENSED FIREARM DEALER, FOR USE SOLELY AS A PROP FOR A FILM, AS DEFINED IN SECTION 24-48.5-114.

(4) (a) A PERSON WHO VIOLATES SUBSECTION (2) OF THIS SECTION COMMITS UNLAWFUL MANUFACTURE, DISTRIBUTION, TRANSFER, SALE, OR PURCHASE OF A SPECIFIED SEMIAUTOMATIC FIREARM.

(b) UNLAWFUL MANUFACTURE, DISTRIBUTION, TRANSFER, SALE, OR PURCHASE OF A SPECIFIED SEMIAUTOMATIC FIREARM IS A CLASS 2 MISDEMEANOR; EXCEPT THAT A SECOND OR SUBSEQUENT OFFENSE IS A CLASS 6 FELONY.

(5) (a) (I)   A BASIC FIREARMS SAFETY COURSE AND AN EXTENDED FIREARMS SAFETY COURSE MUST BE TAUGHT BY AN INSTRUCTOR VERIFIED BY A SHERIFF AS A FIREARMS INSTRUCTOR PURSUANT TO SECTION 18-12-202.7. A BASIC OR EXTENDED FIREARMS SAFETY COURSE MUST BE HELD IN PERSON WITH THE INSTRUCTOR OF THE CLASS AT THE SAME LOCATION AS THE STUDENTS AND NO PART OF THE CLASS MAY BE CONDUCTED VIA THE INTERNET.

(II)   IN ORDER TO ENROLL IN A BASIC OR EXTENDED FIREARMS SAFETY COURSE, A PERSON MUST HOLD A VALID FIREARMS SAFETY COURSE ELIGIBILITY CARD, AS DESCRIBED IN SUBSECTION (5)(b) OF THIS SECTION. BEFORE ALLOWING A STUDENT TO ATTEND A COURSE, THE INSTRUCTOR SHALL VERIFY THAT THE STUDENT HOLDS A VALID FIREARMS SAFETY COURSE ELIGIBILITY CARD BY REQUESTING INFORMATION FROM THE FIREARMS TRAINING AND SAFETY COURSE RECORD SYSTEM CREATED IN SECTION 33-9-115.

(III) (A)   A BASIC FIREARMS SAFETY COURSE MUST PROVIDE A MINIMUM OF FOUR HOURS OF INSTRUCTION.

(B)   AN EXTENDED FIREARMS SAFETY COURSE MUST PROVIDE A MINIMUM OF TWELVE HOURS OF INSTRUCTION, WHICH MUST BE PROVIDED ON AT LEAST TWO DIFFERENT DAYS.

(IV) A BASIC OR EXTENDED FIREARMS SAFETY COURSE MUST SATISFY THE COURSE REQUIREMENTS ADOPTED BY THE DIVISION AND INCLUDE, BUT IS NOT LIMITED TO INCLUDING, INSTRUCTION ON SAFE HANDLING OF SEMIAUTOMATIC FIREARMS AND AMMUNITION MAGAZINES, SAFE STORAGE OF FIREARMS AND CHILD SAFETY, FIREARM DEATHS ASSOCIATED WITH MENTAL ILLNESS, EXTREME RISK PROTECTION ORDERS DESCRIBED IN ARTICLE 14.5 OF TITLE 13, AND VICTIM AWARENESS AND EMPATHY.

(V)   AT THE CONCLUSION OF A BASIC OR EXTENDED FIREARMS SAFETY COURSE, THE INSTRUCTOR SHALL ADMINISTER AN EXAM THAT TESTS A STUDENT'S KNOWLEDGE OF THE SUBJECTS TAUGHT IN THE COURSE AND REQUIRES THE STUDENT TO DEMONSTRATE THE ABILITY TO SAFELY HANDLE FIREARMS AND A MASTERY OF GUN SAFETY. TO COMPLETE A BASIC FIREARMS SAFETY COURSE, A STUDENT MUST ACHIEVE A SCORE OF AT LEAST NINETY PERCENT ON THE EXAM.

PAGE 8-SENATE BILL 25-003

(VI) WITHIN THREE BUSINESS DAYS AFTER A STUDENT'S COMPLETION OF A BASIC OR EXTENDED FIREARMS SAFETY COURSE, THE INSTRUCTOR SHALL REPORT THE STUDENT'S COURSE COMPLETION TO THE FIREARMS TRAINING AND SAFETY COURSE RECORD SYSTEM DESCRIBED IN SECTION 33-9-115.

(b) (I) EACH SHERIFF SHALL ISSUE FIREARMS SAFETY COURSE ELIGIBILITY CARDS PURSUANT TO THIS SUBSECTION (5)(b). A CARD IS VALID FOR FIVE YEARS AFTER THE DATE OF ISSUANCE.

(II) TO OBTAIN A FIREARMS SAFETY COURSE ELIGIBILITY CARD, AN APPLICANT MUST SUBMIT AN APPLICATION TO THE SHERIFF ON A FORM CREATED BY THE DIVISION OF PARKS AND WILDLIFE AND SUBMIT TO THE SHERIFF THE MATERIALS DESCRIBED IN SUBSECTION (5)(b)(III) OF THIS SECTION. THE APPLICATION FORM MUST REQUIRE THE APPLICANT TO PROVIDE THEIR FULL NAME AND DATE OF BIRTH AND MAKE THE FOLLOWING ATTESTATIONS:

(A) THE APPLICANT DOES NOT HAVE A STATE OR FEDERAL CONVICTION THAT WOULD PROHIBIT THEM FROM PURCHASING OR POSSESSING A FIREARM;

(B) THE APPLICANT WILL NOT VIOLATE RELEVANT STATE LAW RELATED TO THE PURCHASE, POSSESSION, STORAGE, AND LAWFUL USE OF FIREARMS; AND

(C) THE APPLICANT WILL ONLY TRANSFER A FIREARM PURSUANT TO SECTION 18-12-112 AND THIS SECTION AND NOT ALLOW ANOTHER PERSON WHO THE APPLICANT BELIEVES WOULD BE A DANGER TO THEMSELF OR OTHERS ACCESS TO A FIREARM IN THE APPLICANT'S POSSESSION.

(III) AN APPLICANT MUST ALSO SUBMIT TO THE SHERIFF:

(A) GOVERNMENT-ISSUED PHOTOGRAPHIC IDENTIFICATION ISSUED TO THE APPLICANT; AND

(B) THE RESULTS OF A COMPLETED NAME-BASED BACKGROUND CHECK OF NATIONAL AND COLORADO PUBLIC CRIMINAL HISTORY AND JUDICIAL DATABASES COMPLETED BY A THIRD-PARTY VENDOR THAT CONDUCTS THOSE CHECKS AS A NORMAL PART OF THE VENDOR'S BUSINESS,

PAGE 9-SENATE BILL 25-003

AND AN ATTESTATION FROM THE VENDOR THAT THE BACKGROUND CHECK WAS PERFORMED BY THE VENDOR.

(IV)  A PERSON WHO KNOWINGLY MAKES A FALSE OR MISLEADING STATEMENT ON A FIREARMS SAFETY COURSE ELIGIBILITY CARD APPLICATION OR DELIBERATELY OMITS ANY MATERIAL INFORMATION REQUESTED ON THE APPLICATION COMMITS PERJURY IN THE SECOND DEGREE, AS DESCRIBED IN SECTION 18-8-503. IN ADDITION TO ANY CRIMINAL PENALTIES, IF A PERSON IS CONVICTED OF PERJURY FOR MAKING A FALSE OR MISLEADING STATEMENT ON A FIREARMS SAFETY COURSE ELIGIBILITY CARD APPLICATION, THE SHERIFF SHALL REVOKE THE PERSON'S CARD IF ISSUED PRIOR TO CONVICTION.

(V)  THE APPLICANT MUST SUBMIT A FIREARMS SAFETY COURSE ELIGIBILITY CARD FEE TO THE SHERIFF. THE FIREARMS SAFETY COURSE ELIGIBILITY CARD FEE INCLUDES THE SHERIFF'S PROCESSING FEE AND THE FIREARMS TRAINING AND SAFETY COURSE RECORD FEE ESTABLISHED PURSUANT TO SECTION 33-9-115 (5)(a). THE FIREARMS SAFETY COURSE ELIGIBILITY CARD FEE IS NOT REFUNDABLE IF THE SHERIFF DENIES THE APPLICANT'S APPLICATION. EACH SHERIFF MAY ESTABLISH A PROCESSING FEE. THE AMOUNT OF THE FEE MUST REFLECT THE ACTUAL DIRECT AND INDIRECT COSTS TO THE SHERIFF FOR ISSUING A FIREARMS SAFETY COURSE ELIGIBILITY CARD. THE SHERIFF SHALL REMIT THE FIREARMS TRAINING AND SAFETY COURSE RECORD FEE COLLECTED FROM EACH APPLICANT TO THE DIVISION OF PARKS AND WILDLIFE.

(VI) (A)  A SHERIFF SHALL REVIEW EACH SUBMITTED APPLICATION FOR A FIREARMS SAFETY COURSE ELIGIBILITY CARD.

(B)  EXCEPT AS OTHERWISE PROVIDED IN THIS SUBSECTION (5)(b)(VI), A SHERIFF SHALL ISSUE A FIREARMS SAFETY COURSE ELIGIBILITY CARD TO AN APPLICANT WHO SUBMITS TO THE SHERIFF THE APPLICATION, INFORMATION, AND FEE REQUIRED IN THIS SUBSECTION (5)(b).

(C)  A SHERIFF SHALL DENY AN APPLICATION FOR A FIREARMS SAFETY COURSE ELIGIBILITY CARD IF THE APPLICANT CANNOT LAWFULLY POSSESS A FIREARM UNDER STATE OR FEDERAL LAW OR THE SHERIFF CANNOT POSITIVELY IDENTIFY THE APPLICANT. THE SHERIFF MAY DENY AN APPLICATION IF THE SHERIFF HAS A REASONABLE BELIEF THAT DOCUMENTED PREVIOUS BEHAVIOR BY THE APPLICANT MAKES IT LIKELY THE APPLICANT WILL PRESENT A DANGER TO THEMSELF OR OTHERS IF THE APPLICANT HOLDS

PAGE 10-SENATE BILL 25-003

A FIREARMS SAFETY COURSE ELIGIBILITY CARD.

(D)  THE SHERIFF SHALL REVOKE AN ISSUED FIREARMS SAFETY COURSE ELIGIBILITY CARD IF THE SHERIFF KNOWS THAT THE CARDHOLDER CANNOT LAWFULLY POSSESS A FIREARM UNDER STATE OR FEDERAL LAW. THE SHERIFF MAY REVOKE AN ISSUED FIREARMS SAFETY COURSE ELIGIBILITY CARD IF THE SHERIFF HAS A REASONABLE BELIEF THAT DOCUMENTED PREVIOUS BEHAVIOR BY THE CARDHOLDER MAKES IT LIKELY THE CARDHOLDER WILL PRESENT A DANGER TO THEMSELF OR OTHERS IF THE CARDHOLDER CONTINUES HOLDING A FIREARMS SAFETY COURSE ELIGIBILITY CARD.

(E)  IF A SHERIFF DENIES A PERSON'S FIREARMS SAFETY COURSE CARD APPLICATION OR REVOKES A PERSON'S FIREARMS SAFETY COURSE ELIGIBILITY CARD, THE SHERIFF SHALL NOTIFY THE PERSON IN WRITING, STATING THE GROUNDS FOR DENIAL OR REVOCATION AND INFORMING THE PERSON OF THE RIGHT TO SEEK JUDICIAL REVIEW PURSUANT TO SUBSECTION (5)(b)(X) OF THIS SECTION.

(VII)  A SHERIFF SHALL REPORT INFORMATION REQUIRED BY THE DIVISION OF PARKS AND WILDLIFE ABOUT THE CARD TO THE FIREARMS TRAINING AND SAFETY COURSE RECORD SYSTEM CREATED IN SECTION 33-9-115.

(VIII)  A FIREARMS SAFETY COURSE ELIGIBILITY CARD MUST INCLUDE THE FIREARMS SAFETY COURSE ELIGIBILITY CARD HOLDER'S FULL NAME; THE COUNTY OF ISSUANCE AND THE SIGNATURE OF THE SHERIFF WHO ISSUED THE CARD; AND THE ISSUANCE AND EXPIRATION DATES OF THE CARD.

(IX)  A SHERIFF IS NOT LIABLE FOR ANY DAMAGES THAT MAY RESULT FROM GOOD FAITH COMPLIANCE WITH THE PROVISIONS OF THIS SUBSECTION (5)(b), INCLUDING DAMAGES THAT MAY RESULT FROM ISSUANCE OR DENIAL OF A FIREARM SAFETY COURSE ELIGIBILITY CARD.

(X) (A)  IF A SHERIFF DENIES A PERSON'S FIREARMS SAFETY COURSE ELIGIBILITY CARD APPLICATION OR REVOKES A PERSON'S FIREARMS SAFETY COURSE ELIGIBILITY CARD, THE PERSON MAY SEEK JUDICIAL REVIEW OF THE SHERIFF'S DECISION.

(B)  THE PROCEDURES SPECIFIED IN RULE 106 (a)(4) AND (b) OF THE

PAGE 11-SENATE BILL 25-003

COLORADO RULES OF CIVIL PROCEDURE GOVERN THE PROCEDURE AND
TIMELINES FOR FILING A COMPLAINT, AN ANSWER, AND BRIEFS FOR JUDICIAL
REVIEW PURSUANT TO THIS SUBSECTION (5)(b)(X). AT A JUDICIAL REVIEW
SOUGHT PURSUANT TO THIS SUBSECTION (5)(b)(X), THE SHERIFF HAS THE
BURDEN OF PROVING BY A PREPONDERANCE OF THE EVIDENCE THAT THE
PERSON IS INELIGIBLE FOR A FIREARMS SAFETY COURSE ELIGIBILITY CARD;
EXCEPT THAT IF THE DENIAL OR REVOCATION IS BECAUSE THE SHERIFF HAS
DETERMINED THAT THE APPLICANT WILL PRESENT A DANGER TO THEMSELF
OR OTHERS PURSUANT TO SUBSECTION (5)(b)(VI), OF THIS SECTION, THE
SHERIFF HAS THE BURDEN OF PROVING THAT DETERMINATION BY CLEAR AND
CONVINCING EVIDENCE.

(C)   FOLLOWING COMPLETION OF THE REVIEW, THE COURT MAY
AWARD ATTORNEY FEES TO THE PREVAILING PARTY.

SECTION 3.   In Colorado Revised Statutes, **add** 33-9-115 as
follows:

**33-9-115.   Firearms training and safety course record system -
rules - legislative declaration - definitions.** (1) AS USED IN THIS SECTION,
UNLESS THE CONTEXT OTHERWISE REQUIRES:

(a)   "BASIC FIREARMS SAFETY COURSE" MEANS A BASIC FIREARMS
SAFETY COURSE DESCRIBED IN SECTION 18-12-116 (5).

(b)   "BUREAU" MEANS THE COLORADO BUREAU OF INVESTIGATION
CREATED IN SECTION 24-33.5-401.

(c)   "DIVISION" MEANS THE DIVISION OF PARKS AND WILDLIFE
CREATED IN SECTION 33-9-104.

(d)   "EXTENDED FIREARMS SAFETY COURSE" MEANS AN EXTENDED
FIREARMS SAFETY COURSE DESCRIBED IN SECTION 18-12-116 (5).

(e)   "HUNTER EDUCATION COURSE" MEANS A HUNTER EDUCATION
COURSE CERTIFIED BY THE DIVISION OF PARKS AND WILDLIFE, AS DESCRIBED
IN SECTION 33-6-107 (8).

(f)   "SYSTEM" MEANS THE FIREARMS TRAINING AND SAFETY COURSE
RECORD SYSTEM DESCRIBED IN SUBSECTION (2)(a) OF THIS SECTION.

PAGE 12-SENATE BILL 25-003

(2) (a)  THE DIVISION SHALL DEVELOP AND OPERATE A SYSTEM OF RECORDS OF PERSONS WHO:

(I)  HOLD A VALID FIREARMS SAFETY COURSE ELIGIBILITY CARD ISSUED PURSUANT TO SECTION 18-12-116 (5)(B); AND

(II)  HAVE COMPLETED A HUNTER EDUCATION COURSE, A BASIC FIREARMS SAFETY COURSE, OR AN EXTENDED FIREARMS SAFETY COURSE.

(b)  THE DIVISION SHALL CONSULT WITH THE BUREAU IN DEVELOPING AND OPERATING THE SYSTEM.

(c)  THE SYSTEM IS NOT A RECORD THAT A PERSON PURCHASES OR EXCHANGES FIREARMS OR PURCHASED OR EXCHANGED A SPECIFIC FIREARM.

(3)  THE SYSTEM MUST ALLOW:

(a)  A SHERIFF TO ELECTRONICALLY ENTER INTO THE SYSTEM THE NAME OF AND OTHER INFORMATION REQUIRED BY THE DIVISION ABOUT EACH PERSON WHO WAS ISSUED A FIREARMS SAFETY COURSE ELIGIBILITY CARD;

(b)  THE INSTRUCTOR OF A BASIC FIREARMS SAFETY COURSE OR EXTENDED FIREARMS SAFETY COURSE TO REQUEST AND RECEIVE INFORMATION ABOUT WHETHER A PERSON HOLDS A VALID FIREARMS SAFETY COURSE ELIGIBILITY CARD ISSUED PURSUANT TO SECTION 18-12-116 (5)(b);

(c)  THE INSTRUCTOR OF A HUNTER EDUCATION COURSE, BASIC FIREARMS SAFETY COURSE, OR EXTENDED FIREARMS SAFETY COURSE TO ELECTRONICALLY ENTER INTO THE SYSTEM THE NAME OF AND OTHER INFORMATION REQUIRED BY THE DIVISION ABOUT EACH STUDENT WHO COMPLETES A COURSE; AND

(d)  A FEDERAL FIREARMS LICENSEE, AS DEFINED IN SECTION 18-12-101, TO ELECTRONICALLY REQUEST AND RECEIVE INFORMATION ABOUT WHETHER A PERSON HAS COMPLETED THE COURSES NECESSARY TO PURCHASE A SPECIFIED SEMIAUTOMATIC FIREARM PURSUANT TO SECTION 18-12-116 (3)(e)(I).

(4) (a)  THE DIVISION MAY ADOPT PROCESSES AND PROCEDURES NECESSARY FOR THE IMPLEMENTATION OF THIS SECTION.

PAGE 13-SENATE BILL 25-003

(b)  THE DIVISION SHALL ESTABLISH COURSE REQUIREMENTS FOR A BASIC FIREARMS SAFETY COURSE AND AN EXTENDED FIREARMS SAFETY COURSE THAT INCLUDE INSTRUCTION ON THE SUBJECTS REQUIRED IN SECTION 18-12-116 (5)(a)(IV). THE REQUIREMENTS MUST NOT REQUIRE MORE THAN FOUR HOURS OF INSTRUCTION FOR A BASIC FIREARMS SAFETY COURSE OR TWELVE HOURS OF INSTRUCTION FOR AN EXTENDED FIREARMS SAFETY COURSE.

(c)  THE DIVISION SHALL CREATE AN APPLICATION FORM FOR A PERSON TO APPLY FOR A FIREARMS SAFETY COURSE ELIGIBILITY CARD PURSUANT TO SECTION 18-12-116. THE APPLICATION FORM MUST REQUIRE THE INFORMATION REQUIRED TO BE SUBMITTED ON AN APPLICATION PURSUANT TO SECTION 18-12-116 (5)(b). THE DIVISION SHALL MAKE THE APPLICATION FORM AVAILABLE AT NO COST ON ITS WEBSITE.

(5) (a)  THE COMMISSION SHALL ESTABLISH A FIREARMS TRAINING AND SAFETY COURSE RECORD FEE FOR A PERSON TO BE INCLUDED IN THE SYSTEM. THE FEE MUST REFLECT ACTUAL DIRECT AND INDIRECT COSTS TO IMPLEMENT THIS SECTION. THE COMMISSION MAY ADJUST THE FEE, BUT SHALL NOT ADJUST THE FEE MORE THAN ONE TIME EACH YEAR. THE DIVISION SHALL TRANSMIT THE FEE MONEY REMITTED TO THE DIVISION BY A SHERIFF PURSUANT TO SECTION 18-12-116 (5)(b) TO THE STATE TREASURER, WHO SHALL DEPOSIT THE FEE MONEY IN THE FIREARMS TRAINING AND SAFETY COURSE CASH FUND.

(b) (I) THE FIREARMS TRAINING AND SAFETY COURSE CASH FUND IS CREATED IN THE STATE TREASURY. THE FUND CONSISTS OF MONEY CREDITED TO THE FUND PURSUANT TO SUBSECTION (5)(a) OF THIS SECTION AND ANY OTHER MONEY THAT THE GENERAL ASSEMBLY MAY APPROPRIATE OR TRANSFER TO THE FUND. THE STATE TREASURER SHALL CREDIT ALL INTEREST AND INCOME DERIVED FROM THE DEPOSIT AND INVESTMENT OF MONEY IN THE FIREARMS TRAINING AND SAFETY COURSE CASH FUND TO THE FUND. MONEY IN THE FUND IS CONTINUOUSLY APPROPRIATED TO THE DIVISION FOR THE PURPOSES OF THIS SECTION.

(II)  THE MONEY CREDITED TO THE FIREARMS TRAINING AND SAFETY COURSE CASH FUND PURSUANT TO SECTION 18-12-116 (5)(b) AND ANY INCOME AND INTEREST DERIVED FROM THE DEPOSIT AND INVESTMENT OF THE MONEY IS EXEMPT FROM ANY RESTRICTION ON SPENDING, REVENUE, OR APPROPRIATIONS, INCLUDING, WITHOUT LIMITATION, THE RESTRICTIONS OF

PAGE 14-SENATE BILL 25-003

SECTION 20 OF ARTICLE X OF THE STATE CONSTITUTION.

(c) (I)  BEFORE DECEMBER 31, 2029, IN ORDER TO IMPLEMENT THIS SECTION, THE DIRECTOR OF THE DIVISION MAY REPORT TO THE STATE TREASURER AN AMOUNT OF MONEY TO TRANSFER TO THE FIREARMS TRAINING AND SAFETY COURSE CASH FUND FROM THE PARKS AND OUTDOOR RECREATION CASH FUND. WITHIN THREE DAYS AFTER RECEIVING A REPORT FROM THE DIRECTOR, THE STATE TREASURER SHALL TRANSFER THE AMOUNT OF MONEY DESCRIBED IN THE REPORT. THE DIRECTOR OF THE DIVISION MAY MAKE MULTIPLE REPORTS TO THE TREASURER PURSUANT TO THIS SUBSECTION (5)(c)(I).

(II) (A)  IN ORDER TO RESTORE TO THE PARKS AND OUTDOOR RECREATION CASH FUND THE AMOUNT OF MONEY TRANSFERRED FROM THE FUND PURSUANT TO SUBSECTION (5)(c)(I) OF THIS SECTION, WITH INTEREST, THE DIRECTOR OF THE DIVISION MAY REPORT TO THE STATE TREASURER AN AMOUNT OF MONEY TO TRANSFER FROM THE FIREARMS TRAINING AND SAFETY COURSE CASH FUND TO THE PARKS AND OUTDOOR RECREATION CASH FUND. WITHIN THREE DAYS AFTER RECEIVING A REPORT FROM THE DIRECTOR, THE STATE TREASURER SHALL TRANSFER THE AMOUNT OF MONEY DESCRIBED IN THE REPORT. THE DIRECTOR OF THE DIVISION MAY MAKE MULTIPLE REPORTS TO THE TREASURER PURSUANT TO THIS SUBSECTION (5)(c)(II)(A).

(B)  THE TOTAL AMOUNT OF THE TRANSFERS TO THE PARKS AND OUTDOOR RECREATION CASH FUND PURSUANT TO THIS SUBSECTION (5)(c)(II) MUST NOT BE GREATER THAN THE TOTAL AMOUNT TRANSFERRED FROM THE PARKS AND OUTDOOR RECREATION CASH FUND PURSUANT TO SUBSECTION (5)(c)(I) OF THIS SECTION.

(C)  BY JUNE 30, 2030, THE TOTAL AMOUNT OF THE TRANSFERS TO THE PARKS AND OUTDOOR RECREATION CASH FUND REPORTED BY THE DIRECTOR OF THE DIVISION TO THE STATE TREASURER PURSUANT TO THIS SUBSECTION (5)(c)(II) MUST BE EQUAL TO THE TOTAL AMOUNT TRANSFERRED FROM THE PARKS AND OUTDOOR RECREATION CASH FUND PURSUANT TO SUBSECTION (5)(c)(I) OF THIS SECTION, PLUS FAIR MARKET INTEREST, AS DETERMINED BY THE DIRECTOR.

(III)  THIS SUBSECTION (5)(c) IS REPEALED, EFFECTIVE JULY 1, 2030.

PAGE 15-SENATE BILL 25-003

(6) THE GENERAL ASSEMBLY FINDS AND DECLARES THAT, CONSISTENT WITH THE DETERMINATION OF THE COLORADO SUPREME COURT IN NICHOLL V. E-470 PUBLIC HIGHWAY AUTHORITY, 896 P.2D 859 (COLO. 1995), THE POWER TO IMPOSE TAXES IS INCONSISTENT WITH ENTERPRISE STATUS UNDER SECTION 20 OF ARTICLE X OF THE STATE CONSTITUTION, AND IT IS THE CONCLUSION OF THE GENERAL ASSEMBLY THAT THE FIREARMS TRAINING AND SAFETY COURSE RECORD FEE IMPOSED BY THIS BILL IS A FEE, NOT A TAX, BECAUSE THE FEE IS IMPOSED FOR THE SPECIFIC PURPOSE OF DEFRAYING COSTS OF PROVIDING RECORD-KEEPING SERVICES TO FEE PAYERS TO ENABLE THEM TO PURCHASE SPECIFIED SEMIAUTOMATIC FIREARMS PURSUANT TO SECTION 18-12-116 AND IS COLLECTED AT A RATE THAT IS REASONABLY RELATED TO THE OVERALL COST OF OPERATING AND MAINTAINING THE FIREARMS TRAINING AND SAFETY COURSE RECORD SYSTEM CREATED IN SECTION 33-9-115.

(7) ON OR BEFORE DECEMBER 31, 2025, AND ON OR BEFORE DECEMBER 31 OF EACH YEAR THEREAFTER, THE DIVISION SHALL SUBMIT A REPORT TO THE HOUSE OF REPRESENTATIVES JUDICIARY COMMITTEE AND THE SENATE JUDICIARY COMMITTEE, OR THEIR SUCCESSOR COMMITTEES, ABOUT THE EXPENSES INCURRED BY THE DIVISION TO IMPLEMENT SENATE BILL 25-003, ENACTED IN 2025, AND ANY ADDITIONAL RESOURCES THE DIVISION NEEDS TO EFFECTIVELY IMPLEMENT SENATE BILL 25-003.

**SECTION 4.** In Colorado Revised Statutes, 18-12-108, **amend** (7)(hhh) and (7)(iii); and **add** (7)(jjj) as follows:

**18-12-108. Possession of weapons by previous offenders.** (7) In addition to a conviction for felony crime as defined in section 24-4.1-302 (1), a felony conviction or adjudication for one of the following felonies prohibits a person from possessing, using, or carrying upon the person a firearm as defined in section 18-1-901 (3)(h) or any other weapon that is subject to this article 12 pursuant to subsection (1) or (3) of this section:

(hhh) A criminal attempt, complicity, or conspiracy to commit any of the offenses listed in this subsection (7); ~~and~~

(iii) Unlawful conduct involving an unserialized firearm, frame, or receiver, as described in section 18-12-111.5; AND

(jjj) UNLAWFUL MANUFACTURE, DISTRIBUTION, TRANSFER, SALE, OR

PAGE 16-SENATE BILL 25-003

PURCHASE OF A SPECIFIED SEMIAUTOMATIC FIREARM, AS DESCRIBED IN SECTION 18-12-116.

**SECTION 5.** In Colorado Revised Statutes, 24-33.5-424, **amend** (3)(b.3)(XI) and (3)(b.3)(XII); and **add** (3)(b.3)(XIII) as follows:

**24-33.5-424. National instant criminal background check system - state point of contact - fee - grounds for denial of firearm transfer - appeal - rule-making - unlawful acts - instant criminal background check cash fund - creation.** (3) (b.3) In addition to the grounds for denial specified in subsections (3)(a) and (3)(b) of this section, the bureau shall deny a transfer of a firearm if the prospective transferee has been convicted of any of the following offenses committed on or after June 19, 2021, if the offense is classified as a misdemeanor, or if the prospective transferee has been convicted in another state or jurisdiction, including a military or federal jurisdiction, of an offense that, if committed in Colorado, would constitute any of the following offenses classified as a misdemeanor offense, within five years prior to the transfer:

(XI) Unlawfully providing a firearm other than a handgun to a juvenile, as described in section 18-12-108.7 (3); ~~or~~

(XII) Unlawful conduct involving an unserialized firearm, frame, or receiver, as described in section 18-12-111.5; OR

(XIII) UNLAWFUL MANUFACTURE, DISTRIBUTION, TRANSFER, SALE, OR PURCHASE OF A SPECIFIED SEMIAUTOMATIC FIREARM, AS DESCRIBED IN SECTION 18-12-116.

**SECTION 6.** In Colorado Revised Statutes, 18-12-401.5, **amend** (8)(a)(IV)(D) and (8)(a)(IV)(E); and **add** (8)(a)(IV)(F) as follows:

**18-12-401.5. Permit required - issuing agency - cash fund - inspections - penalty - report - rules - repeal.** (8) (a) Notwithstanding subsection (7) of this section, the department shall revoke a state permit if the state permit holder:

(IV) Is convicted of any of the following:

(D) Selling or otherwise transferring a firearm to a person who is

PAGE 17-SENATE BILL 25-003

ineligible to possess the firearm pursuant to state or federal law; ~~or~~

(E)   Selling or otherwise transferring a firearm component or accessory, as defined in section 29-11.7-101.5, to another person in violation of federal, state, or local law; OR

(F)  MANUFACTURING, DISTRIBUTING, TRANSFERRING, SELLING, OR PURCHASING A SPECIFIED SEMIAUTOMATIC FIREARM IN VIOLATION OF SECTION 18-12-116.

**SECTION 7.**  In Colorado Revised Statutes, **add** 24-35-122 as follows:

**24-35-122.   Specified semiautomatic firearms guidance.** THE DIVISION IN THE DEPARTMENT OF REVENUE RESPONSIBLE FOR ISSUING STATE FIREARMS DEALER PERMITS SHALL PROVIDE GUIDANCE AND CLARIFICATION TO ASSIST IN THE IMPLEMENTATION OF SECTION 18-12-116. THE DIVISION SHALL PUBLISH AND MAKE PUBLICLY AVAILABLE GUIDANCE ABOUT SPECIFIC MODELS OF FIREARMS TO WHICH SECTION 18-12-116 (2) APPLIES. THE DIVISION MAY CONSULT WITH FIREARM EXPERTS AND CONVENE WORKING GROUPS TO ASSIST WITH CREATING GUIDANCE ABOUT THE SPECIFIC MODELS OF FIREARMS TO WHICH SECTION 18-12-116 (2) APPLIES.

**SECTION 8.**  In Colorado Revised Statutes, 18-12-302, **amend** (1)(a) as follows:

**18-12-302.   Large-capacity magazines prohibited - penalties - exceptions.** (1) (a)  Except as otherwise provided in this section, ~~on and after July 1, 2013,~~ a person who sells, transfers, or possesses a large-capacity magazine commits a ~~class 2~~ CLASS 1 misdemeanor.

**SECTION 9.**  In Colorado Revised Statutes, 18-12-102, **amend** (1) as follows:

**18-12-102.   Possessing a dangerous or illegal weapon - affirmative defense - definition.** (1)  As used in this section, the term "dangerous weapon" means a firearm silencer, machine gun, ~~machine gun conversion device~~ RAPID-FIRE DEVICE, short shotgun, or short rifle.

**SECTION 10.  Appropriation.** For the 2025-26 state fiscal year,

PAGE 18-SENATE BILL 25-003

$100,000 is appropriated to the office of the governor for use by the office of information technology. This appropriation is from funds received from the department of natural resources from the firearms training and safety course cash fund created in section 33-9-115 (5)(b), C.R.S. To implement this act, the office may use this appropriation to provide information technology services for the department of natural resources.

**SECTION 11.** In Session Laws of Colorado 2024, section 6 of chapter 492, **amend** (1) introductory portion as follows:

Section 6. **Appropriation.** (1) For the 2024-25 state fiscal year, $618,973 is appropriated to the department of revenue. ANY MONEY APPROPRIATED IN THIS SUBSECTION (1) NOT EXPENDED PRIOR TO JULY 1, 2025, IS FURTHER APPROPRIATED TO THE DEPARTMENT FOR EXPENDITURE UNTIL THE CLOSE OF THE 2025-26 STATE FISCAL YEAR FOR THE SAME PURPOSE. This appropriation is from the general fund. To implement this act, the department may use this appropriation as follows:

**SECTION 12. Severability.** If any provision of this act or the application of this act to any person or circumstance is held invalid, the invalidity does not affect other provisions or applications of the act that can be given effect without the invalid provision or application, and to this end the provisions of this act are declared to be severable.

**SECTION 13. Safety clause.** The general assembly finds, determines, and declares that this act is necessary for the immediate preservation of the public peace, health, or safety or for appropriations for

PAGE 19-SENATE BILL 25-003

the support and maintenance of the departments of the state and state institutions.

_____          _____
James Rashad Coleman, Sr.                                Julie McCluskie
PRESIDENT OF                              SPEAKER OF THE HOUSE
THE SENATE                                OF REPRESENTATIVES

_____          _____
Esther van Mourik                                        Vanessa Reilly
SECRETARY OF                              CHIEF CLERK OF THE HOUSE
THE SENATE                                OF REPRESENTATIVES

APPROVED_____
(Date and Time)

_____
Jared S. Polis
GOVERNOR OF THE STATE OF COLORADO

PAGE 20-SENATE BILL 25-003