**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:25-cv-02725-WJM-MDB

ISRAEL DEL TORO, et al.,
Plaintiffs,

v.

JARED SCHUTZ POLIS, in his official capacity as Governor of the State of Colorado, et al.,
Defendants.

---

## UNOPPOSED MOTION TO MODIFY SCHEDULING ORDER

---

Defendants Jared Schutz Polis, Philip Jacob Weiser, and Laura Clellan, in their official capacities (the "State Defendants"), through counsel, hereby request an extension of scheduling deadlines in this matter by sixty days. As good cause for this Motion, the State Defendants state as follows:

Certificate of Conferral: undersigned conferred with Plaintiffs' counsel pursuant to D.C.COLO.LCivR 7.1(A) and is authorized to represent that he does not oppose the relief requested in this Motion. Counsel for Defendant Allen also does not oppose this relief.

1. Per the Scheduling Order issued March 10, 2026, Dkt. 52, as modified by this Court on July 28, 2026, Dkt. 75, the following deadlines apply:

   a. discovery cut-off deadline is October 1, 2026

   b. dispositive motions are due November 13, 2026

   c. dispositive motion responses are due on December 4, 2026

   d. dispositive motion replies are due on December 18, 2026

2. The Order granting the prior motion to amend the scheduling order permitted the parties to have one additional expert and extended the deadline for expert disclosures by one week. Dkt. 75. It did not otherwise impact the original deadlines.

3. Defendants have diligently pursued discovery. Defendants served their initial written discovery requests on Plaintiffs on June 6, and Plaintiffs returned partial responses on July 27, and later updated their responses on August 11. On July 24, Defendants contacted Plaintiffs to secure available dates in August and September for the Plaintiffs' depositions. On August 19, after Plaintiffs filed a Motion for Preliminary Injunction on August 11, Defendants sought revised availability for the Plaintiffs' and Plaintiffs' expert's depositions in the last two weeks of September.

4. The parties exchanged affirmative expert reports—six for Defendants and one for Plaintiffs—on August 7, 2026.

5. On August 25, Plaintiffs sought availability for depositions of three of the Defendants' experts and a 30(b)(6) representative of the Colorado Division of Parks and Wildlife between September 21 and September 30. On August 30, Plaintiffs served notices of depositions for all six of Defendants' experts, and two notices for 30(b)(6) depositions of the Colorado Division of Parks and Wildlife and the Colorado Department of Revenue, to occur "no later than September 30, 2026." On August 31, Plaintiffs served initial written discovery requests. Defendants' responses to Plaintiffs' initial written discovery requests are due September 30, 2026.

6. Counsel for all parties met on September 2, 2026, to confer on an extension of the discovery cutoff and related case deadlines in light of the outstanding discovery.

7. Altogether, the parties anticipate conducting more than a dozen depositions before the October 1 discovery cutoff. Counsel will need to further confer on the scope of the 30(b)(6) notices and may need to confer regarding the sufficiency of written discovery responses. Defendants reserve the right to object to any of the noticed depositions including the possibility of raising a discovery dispute.

8. At the same time, Plaintiffs filed a Motion for Preliminary Injunction on August 11. Dkt. 82. The original schedule did not contemplate a preliminary injunction, and the parties have spent significant time briefing that motion. Defendants responded on September 1, Dkt. 86, Plaintiffs' filed their Reply, Dkt. 90, on September 8, and their optional response to the Amicus Brief of the Brady Center to Prevent Gun Violence and Giffords law Center to Prevent Gun Violence, Dkt. 89, is yet due on September 21.

9. In addition to a pending Motion for Preliminary Injunction, the Court has not yet ruled on the parties' Motion to Dismiss, which is fully briefed and pending. Dkt. 51, 58, 65.[1] The Court's ruling on the Motion to Dismiss and Motion for Preliminary Injunction may guide the parties' remaining discovery as well as the arguments on any motions for summary judgment.

10. A sixty-day extension to deadlines in the scheduling order is therefore necessary to accommodate the requested depositions, including the schedules of numerous deponents, preliminary injunction briefing and any related proceedings, Defendants' responses to Plaintiffs' written discovery, and any discovery disputes that remain following meaningful conferral between the parties. For the same reason, deadlines associated with dispositive motions should

[1] Defendants acknowledge the Scheduling Order provision that "Each party may file any other dispositive motion (e.g., Rule 12(b) and (c) motions) at any time, but the lack of a ruling on any such motion will not be cause to delay the dispositive-motions deadline." Dkt. 52 at 8.

be extended by sixty days to allow the parties to file any such motions after the close of discovery.

11. Undersigned will serve a copy of this Motion on the State Defendants.

12. WHEREFORE, the State Defendants request that the Court amend the Scheduling Order such that the following deadlines apply:

a. the discovery cut-off deadline is November 30, 2026,

b. dispositive motions are due January 12, 2027,

c. MSJ responses are due on February 2, 2027,

d. MSJ replies are due on February 16, 2027.

Respectfully submitted this 14th day of September, 2026.

PHILIP J. WEISER
Attorney General

s/ *Lily E. Nierenberg*
Emily Burke Buckley
First Assistant Attorney General
Lily E. Nierenberg
Kyle M. Holter
Senior Assistant Attorneys General
Lane Towery
David Cooperstein
Assistant Attorneys General
Colorado Department of Law
Ralph L. Carr Colorado Judicial Center
1300 Broadway
Denver, CO 80203
Telephone: 720.508.6000
emily.buckley@coag.gov; kyle.holter@coag.gov;
lane.towery@coag.gov;
david.cooperstein@coag.gov

*Attorneys for State Defendants*